LOUIS DELL BOWKER, A MINOR, BY HIS NEXT FRIEND, N. D. BOWKER

v.

STATE OF ILLINOIS.

*Opinion filed April 18, 1923.*

MILITARY SERVICE—*when claimant entitled to recover for injury sustained.* Claimant a first class private in Battery B, 123rd Field Artillery, 155 Ill. National Guard, under order from his superior officer, was injured while obeying orders in loading a heavy gun onto a freight car. *Held,* he is entitled to recover under Section II, of Article 16, Military & Naval Code of Illinois. (Hurd's Rev. Statutes of Illinois, 1919.)

Edward J. Brundage, Attorney General, for State.

Louis Dell Bowker, a minor, by his next friend, N. D. Bowker, filed his claim the 9th day of November A. D. 1922, with Louis L. Emmerson, Secretary of State and ex-officio clerk of the Court of Claims.

Claimant states that he is a minor under twenty-one years of age; that during the month of July A. D. 1922, and for a long time prior thereto he was a first class private in Battery B, 123rd Field Artillery, 155 M. M. H. Illinois National Guard; that on or about July 26th, A. D. 1922, the claimant was employed in the military service of the State of Illinois; that Ray Nevius, Captain of the Combat Train was in command of a squad of men, members of 123rd Field Artillery, of which this claimant was a member; that the battery of which claimant was a member, was engaged in loading guns and supplies preparatory to moving to Camp Custer; that the commanding officer, Captain Ray Nevius ordered the claimant to assist in loading a heavy gun from the freight platform of the C., B. & Q. freight house in the City of Monmouth, Illinois, onto a freight car; that claimant obeyed the orders of Captain Nevius and assisted in pushing said gun on said car; that claimant went, with other members of the battery, between the front and rear wheels of said gun, took hold of said gun and while pushing the same, and while leaning over forward the wheel of the rear part of the gun carriage struck the heel of claimant's right foot, crushing the bones, ligaments and tearing the flesh of said right foot and claimant was thereby and then and there greatly bruised, hurt and wounded.

The testimony of one of the attending physicians, Dr. J. R. Ebersole, is that, the injury to claimant occurred on July 27, 1922, that he was the first medical man to treat the injury; that the claimant was brought to his office by several of claimant's comrades ten minutes or less after the injury; Dr. Ebersole further testifies that he found claimant's right foot from the instep forward very much bruised, the skin and tissues broken, and the foot was swelling very rapidly and bleeding some; that on x-ray examination he found the second joint of the big toe fractured and part of the condyle; the second toe was also fractured and some dislocation of second joint of the second and third toes, the ligaments in the joint torn, big toe nail mashed and practically torn off; claimant was then suffering very much pain as he did for several days, that he assisted in taking x-ray pictures of the foot, treated the injury and dressed same; that claimant was confined to his bed for about a week and about two weeks after the injury he walked with the aid of crutches

for a month or six weeks; that he, Dr. Ebersole examined the injured foot to-day (the day the testimony was taken); that the injured foot is of rather purplish color, somewhat swollen, circulation still impaired; that claimant suffers great pain when moving the toes of the injured foot; that he has noticed the claimant walking several times recently; that he would state, that, if claimant uses his foot in any usual manual labor which required ordinary amount of walking or being on his feet he couldn't do it without considerable pain; that in the opinion of the doctor one-third of the efficiency of claimant's foot is destroyed and that it may be several years before claimant's foot will recover its efficiency, and would, very probable never be normal; that claimant will never have the normal use of his foot. The evidence of Dr. Glenn Ebersole is substantially the same as that of Dr. J. R. Ebersole.

The evidence shows that the claimant is a young man of athletic type, having engaged somewhat in athletics, that he is industrious, sober and worthy; that he has employed his time during the summer months, when he was not attending school, in working at odd jobs. That since the accident that befell him he has been attending college, preparing himself for a vocation he can follow in his crippled condition.

There is no dispute about the facts, and the Attorney General admits that under the Military and Naval Code of the State of Illinois, the claimant is entitled to an award.

It has been decided by the Commission of Claims of the State of Illinois. in the case of *O'Donnell* v. *The State of Illinois,* page 255 of the Court of Claims reports, that the Commission of Claims can allow claims against the State of Illinois only in cases whereby express statutory provision the Legislature has created a liability on the part of the State for the acts of its agents or rather waived the exemption of the State from such liabilities and to sustain a recovery, it must come within the provisions of Section 4, Article 9, of the Military Code." This Court has so ruled in the following cases:

*Phillip R. Crippen* v. *State of Illinois,* C. C. Reports, page 45.

*Edward J. Lebeau* v. *State of Illinois,* C. C. Reports, page 69.

*Robert L. Mundelius* v. *State of Illinois,* C. C. Reports, page 106.

*Franklin A. Denison* v. *State of Illinois,* C. C. Reports, page 155.

The Illinois Revised Statute (Cahill) 1921, Chapter 129, Paragraph 143 of Article 16, of the Military Code of Illinois, reads as follows:

In every case where an officer or enlisted man of the National Guard or Naval Reserve shall be injured, wounded or killed while performing his duty as an officer or enlisted man in pursuance of orders from the Commander-in-Chief, said officer or enlisted man, or his heirs or dependents, shall have a claim against the State for financial help or assistance, the State Court of Claims shall act on and adjust the same as the merits of each case may demand, etc.

This is a case that comes clearly within the jurisdiction and duties of this Court and in consideration of the foregoing section of the statute we award the claimant the sum of two thousand five hundred dollars ($2,500.00) in full settlement and compensation for injuries and expenses incident thereto.